UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 5:20-CV-00185-TBR-LLK

DENNIS MAGUFFEY                                                                                                PLAINTIFF

v.

MARQUETTE TRANSPORTATION COMPANY, LLC                                          DEFENDANT

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's motion to compel testimony and witness statement documents taken shortly after the accident which gave rise to the pending lawsuit. [DN 20].

For the reasons set forth below, the Plaintiff's motion to compel is GRANTED in part and DENIED in part. [DN 24]. The Defendant Marquette Transportation Co. shall produce the recorded and transcribed statements of Matthew Thornhill, Cortez Franklin Jr., and Dustin Baker, and the Defendant must produce Dustin Baker for deposition. The Court, however, DENIES the Plaintiff's motion assessing costs and attorney fees necessitated by having to move this Court for the relief sought, and additional costs incurred in obtaining the depositions.

The Court finds that the documents requested are work product, but that Plaintiff has satisfied the substantial need exception to the work product doctrine. Therefore, the Defendant shall provide the Plaintiff with the relevant documents, despite the Defendant's contention regarding the order of discovery, in order to affect more expeditious resolution of the case.

**BACKGROUND**

Senior Judge Thomas B. Russell referred this matter to U.S. Magistrate Judge Lanny King for resolution of all litigation planning issues, a scheduling conference, entry of scheduling

orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues. [DN 15].

This matter arises from a knee injury which occurred while Plaintiff was working as "Leadman" aboard the M/V Darin Adrian. [DN 24]. Plaintiff claims that his injuries were sustained while working under the direct supervision of Capt. Dustin Baker and mate Matthew Thornhill. *Id.* Plaintiff alleges that, after disconnecting the vessel from tow, Plaintiff was instructed to reboard the vessel without a safe means of access. [DN 24 at 2]. In doing so, Plaintiff sustained an injury to his right knee. *Id.* Subsequently, Plaintiff brought this action claiming Defendant's acts were in violation of the Jones Act and resulted in injury to the Plaintiff. [DN 1].

Plaintiff has propounded several sets of interrogatories, and document requests, which Defendant has answered. However, Plaintiff believes that Defendant's answers are insufficient, and now seeks to compel Plaintiff to produce witness interview transcripts and statements, as well as access to Dustin Baker for deposition. [DN 24]. Defendant contends it should not be compelled to provide the requested information (1) because much of it is allegedly protected by the attorney-client privilege and work product doctrine, and (2) because Defendant believes that Plaintiff should not be allowed to unilaterally control the order in which discovery proceeds. [DN 25].

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) controls the scope of discovery here. Fed. R. Civ. P. 26. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation for trial by or for another party or its representative. *Id.* These

documents are broadly defined as "work product." *Hickman v. Taylor*, 329 U.S. 495, 511, 67 S.Ct. 385, 91 L.Ed. 451 (1947) (holding that work "reflected… in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways" constituted the "work product of the lawyer."). This rule is, however, subject to several exceptions. *Id.* Namely, documents and tangible things that would otherwise not be discoverable may be subject to discovery if a party can show that "it has substantial need for the materials to prepare its case, and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b); see also *Hickman v. Taylor*, 329 U.S. 495, 508-12, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

The "work product privilege" was first recognized by the Supreme Court in *Hickman*. It's rationale was to allow attorneys to "assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference … to promote justice and to protect [his] clients' interest." *Id.* At 511, 67 S.Ct. 385. "The current doctrine, as set forth in Federal Rule of Civil Procedure 26(b)(3), protects from discovery documents and tangible things prepared in anticipation of litigation by or for a party or by or for that party's representative." *United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006). A party asserting this privilege bears the burden of proving that the documents he or she seeks to protect were prepared "in anticipation of litigation." *Id.* (quoting *In re Powerhouse Licensing*, LLC, 441 F.3d 467, 473 (6th Cir.2006)).

In determining whether a document was prepared in anticipation of litigation, the Sixth Circuit has adopted the "because of" test. *Id.* This test posits that "a document is prepared in anticipation of litigation when the document, in light of the facts of the case, was obtained

because of the prospect of litigation." *Stampley v. State Farm Fire & Cas. Co.*, 23 F. App'x 467, 470 (6th Cir. 2001).

The natural next step in this analysis is, therefore, determining when exactly a document is created because of the prospect of litigation. The Sixth Circuit has held that "documents prepared in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes, are not covered by the work product privilege. *Id.*; see also Fed. R. Civ. P. 26(b)(3) advisory committee's notes (1970). For instance, the mere fact that an investigation occurs before a suit is filed does not mean that it was not done because of the prospect of litigation. *Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, F.2s 1109, 1120 (7th Cir. 1983); *Lett v. State Farm Fire & Cas. Co.*, 115 F.R.D. 501 (N.D.Ga.1987) (holding that litigation was reasonably anticipated following referral of a case to defendant's special investigation unit and suspicious nature of fire).

Further, courts applying the "because of" test have recognized both subjective and objective elements to this analysis. *Id.* This means that a party must "have had a subjective belief that litigation was a real possibility, and that belief must have been objectively reasonable." *Id.* (quoting *In re Sealed Case*, 146 F.3d 881, 884 (D.C. Cir. 1998). The resulting test is as follows: when determining whether a party has created pertinent documents in preparation for litigation, courts will ask (1) whether a document was created because of a party's subjective anticipation of litigation, not with an ordinary business purpose, and (2) whether that subjective anticipation of litigation was objectively reasonable. *Roxworthy*, 457 F.3d. 590 at 594.

Once established as work product a document is shielded from discovery unless an exception applies. In order to satisfy the burden necessary to overcome the protections afforded

4

by the work product doctrine, a party must show that it is has a substantial need for the documents in question, and that it cannot obtain their equivalent without suffering undue hardship. Substantial need contemplates the relative importance of the information in the documents to the party's case and the party's ability to obtain that information by other means. *Stampley*, 23 F. App'x 467 at 471. Parties may be required to take depositions of the people who prepared the documents to obtain the information contained therein. *Id.* As a general matter, inconvenience and expense to the party seeking the information do not constitute substantial need, or undue hardship. *Id.*

Regarding the timing of discovery, Rule 26(d) is instructive. Rule 26(d) states that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d). Further, the methods of discovery may be used in any sequence, and discovery by one party does not require any other party to delay its discovery. Fed. R. Civ. P. 26(d)(3)(A) & (B). Put differently, the sequencing by which parties exchange documents is largely determined based on the parties' convenience, not a rigid, fixed formula. Simply, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery. *Crawford-El v. Britton*, 523 U.S. 574, 598, 118 S. Ct. 1584, 1597, 140 L. Ed. 2d 759 (1998).

## ANALYSIS

**1. Work Product Protection**

As outlined above, the relevant standard is that a party may only discover work product in limited circumstances. Parties may not discover documents and tangible things that are

prepared in anticipation of litigation for trial by or for another party or its representative, unless it can prove that "it has substantial need for the materials to prepare its case, and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b); see also *Hickman v. Taylor*, 329 U.S. 495, 508-12, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

Here, Plaintiff seeks an order by this court compelling Defendant to produce the recorded and transcribed statements of Matthew Thornhill, Cortez Franklin Jr., and Dustin Baker, and compelling Defendant to produce Dustin Baker for deposition. [DN 24]. Plaintiff asserts that Exhibits 1 and 3 in its Motion identify Matthew Thornhill and Franklin Cortez Jr. as witnesses to the incident. [DN 20]. Further, Defendant's initial Rule 26 Disclosures listed each of the aforementioned persons as ones who "may have information regarding Mr. Maguffey's asserted injury." [DN 24]. Because these documents were created precisely for the purposes of preparing for potential litigation, they fall squarely within the gamut of work product. *See generally In re OM Sec Litig.*, 226 F.R.D. 579, 584 (N.D. Ohio 2005) (outlining the burden shift necessary in a work product doctrine determination and defining "in anticipation of litigation" and "real possibility of litigation").

Although the Defendant has not explicitly asserted this fact, taking witness statements immediately following an accident may well stem from a subjective belief that the documents would be used in future litigation, and that belief is certainly objectively reasonable. The documents are thus protected by the work product doctrine and are therefore only discoverable if the Plaintiff meets his burden of proof regarding a work product exception. As previously discussed, the law instructs that documents and tangible things that would otherwise not be discoverable may be subject to discovery if a party can show that "it has substantial need for the materials to prepare its case, and cannot, without undue hardship, obtain their substantial

equivalent by other means." Fed. R. Civ. P. 26(b); see also *Hickman v. Taylor*, 329 U.S. 495, 508-12, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Here, Plaintiff has met his burden.

First, Matthew Thornhill, Cortez Franklin Jr.'s declarations stating that, due to the lapse in time, their memories are insufficient to give an accurate account of the events that occurred on October 11, 2020 show that access to their previous statements is necessary, and cannot be obtained through alternative means (i.e. through deposition). [DN 24, Exhibit #1 and #2]. Mr. Thornhill and Mr. Franklin's inability to provide accurate information therefore satisfies the substantial need exception. Several courts, including this one, have held that the mere passage of time *is* enough to constitute the substantial need required to compel production of documents protected by the work product privilege. *Howard v. Fowler Bros.*, No 5:10-CV-198, 2011 WL 3438407, at *1 (W.D. Ky. Aug. 5, 2011) (citing *Holton v. S & W Marine, Inc.*, 2000 WL 1693667, *4 (E.D. La. 2000); *Tiernan v. Westext Transport, Inc.*, 46 F.R.D. 3, 5, (D.R.I. 1969) (holding that witness statements taken shortly after an accident are more acute than depositions taken later in time, helping to overcome the work product privilege); *Hamilton v. Canal Barge Co., Inc.*, 395 F.Supp. 975. 977 (E.D. La. 1975) (stating that the mere lapse of time is enough to justify discovery of documents protected by the work product rule).

Further, a witness' inability to accurately recall the relevant events is sufficient to constitute substantial need. The Sixth Circuit has held that a trial court did not abuse its discretion in determining what constituted substantial need, opining that substantial need may be present when a plaintiff is unable to otherwise obtain the information in the relevant documents because of a subject's faulty memory. *Stampley v. State Farm Fire & Cas. Co.*, 23 F. App'x 467, 471 (6th Cir. 2001) (holding that where the moving party "had the opportunity to depose the [relevant parties] that prepared the documents that [the movant] requested" the movant had "not

7

shown that she was unable to obtain the information contained in the requested documents," but that the inability to obtain the information through deposition due to the relevant party's faulty memory may suffice to show substantial need). In the present case, substantial time has passed since the Defendant first procured the relevant witness statements and the witnesses have already indicated that their memory is faulty. These facts alone could sufficiently constitute substantial need, but they are further buttressed by the remaining facts of this case.

Specifically, two witnesses which the Plaintiff seeks to depose have explicitly stated that they do not believe in their ability to accurately recall the events that took place at the time in question. In an unsworn declaration, Matthew Thornhill stated that shortly after the accident an attorney appeared and "took [Matthew Thornhill's] recorded statement of [his] recollection, knowledge, and information regarding Dennis Wayne Maguffey's injury." [DN 27]. Thornhill also stated that his "recorded statement was taken at a time when [his] recollection and memory of the incident was still fresh," but that his memory and recollection of the incident "had changed over time." [DN 27]. He continued by requesting and giving authority to Plaintiff's attorney to demand the recorded statement on his behalf, and any transcript of that statement or any other statement that he has given to refresh his recollection in preparation for deposition, because he "would not feel comfortable testifying at deposition or otherwise without having the opportunity of reviewing the statement or statements" he gave to the Defendant's attorneys. [DN 27]. Fraklin Cortez Jr. has signed a statement indicating the exact same inability to remember the relevant details. [DN 24, Exhibit #1].

To counter the above, the Defendant has argued that "production of statements of witnesses …" were taken by counsel "over two months after the incident and after litigation was instituted." [DN 25]. Defendant has cited *Grissom* in support of its argument that "because the

statements at issue here were taken more than two months after the incident, counsel for [the Plaintiff] … has spoken to the witnesses, who have detailed their involvement in the relevant events in Declarations … [the Plaintiff] has failed to demonstrate the substantial need for the statements so as to overcome the work produce doctrine protections." [DN 25]; *Grissom v. Illinois Cent. R. Co.*, No. 5:14-CV-00022-TBR, 2014 WL 4999204 (W.D. Ky. Oct. 7, 2014). This case is, however, distinguishable from *Grissom*. In *Grissom*, the District Judge found that the movant made no showing of substantial need, instead arguing that the statements in question were not work product.

Further, the Defendant's argument that the witness statements were taken "over two months after the incident" is not dispositive. First, this contention directly contradicts Matthew Thornhill's testimony that "sometime shortly after the incident, a person who identified himself as a lawyer for Marquette Transp. Co. took my statement of my recollection, knowledge, and information regarding Dennis Wayne Maguffey's injury." [DN 27]. The Plaintiff has also provided incident reports that are dated October 12, 2020, one day after the accident took place. [DN 25 Exhibits 1, 2, and 3]. Finally, whether the relevant statements were taken one day, or two months after the accident has no bearing on the witnesses' ability to accurately recall the details of the incident today.

Pursuant to the Federal Rules of Civil Procedure, and case law interpreting them, Franklin and Thornhill's inability to accurately recall the events that took place on the night in question give rise to the sort of hardship that necessitates discovery disclosure. *See* Hickman, 329 U.S. 495, 508-12, 67 S.Ct. 385, 91 L.Ed. 451 (1947); Stampley, 23 F. App'x 467, 471 (6th Cir. 2001). Deposing witnesses about events that took place over a year ago poses the risk that their memories have faded, and that they will therefore be unable to provide accurate

information. This, coupled with each witnesses' testimony, suffice to constitute substantial need, and show that the Plaintiff is unable to obtain the information by any other means. *Id.*; *see also Howard v. Fowler Bros.*, No 5:10-CV-198, 2011 WL 3438407, at *1 (W.D. Ky. Aug. 5, 2011) (citing *Holton v. S & W Marine, Inc.*, 2000 WL 1693667, *4 (E.D. La. 2000); *Tiernan v. Westext Transport, Inc.*, 46 F.R.D. 3, 5, (D.R.I. 1969); *Hamilton v. Canal Barge Co., Inc.*, 395 F.Supp. 975. 977 (E.D. La. 1975)). For these reasons, the Plaintiff has met its burden, and its request to compel the recorded and transcribed statements of Matthew Thornhill, Cortez Franklin Jr., and Dustin Baker will be granted.

2. **Attorney-Client Privilege**

Defendant has also raised the issue of attorney-client privilege regarding the requested documents. Attorney-client privilege protection exists "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S. Ct. 677, 682, 66 L. Ed. 2d 584 (1981). This Circuit has held that there are eight elements to attorney client privilege: (1) where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived. *Reid v. Baxter*, 134 F.3d 351, (6th Cir. 1998) (citation omitted).

At present, Defendant has not shown that the documents in question were created with the intent to procure legal advice of any kind. The documents are thus not protected by attorney-client privilege.

3. **Priority**

The issue here is the order by which discovery should take place. Defendant contends that "despite requests for Plaintiff's deposition … Mr. Maguffey has not been made available for deposition," and that "[i]nstead, Mr. Maguffey's counsel seeks to dictate the order of discovery by insisting on deposing Captain Baker first[.]" [DN 25 at 4]. Defendant further contends that the law does not support this sort of "unilateral determination of the order in which discovery should proceed," and that Plaintiff has not shown the requisite substantial need to overcome the work product doctrine. [DN 25 at 4, 8].

The parties have not provided, nor has this court has found any case directly on point regarding the order of discovery As previously stated, and as the Defendant contends, "trial courts have broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Id.*; *Crawford-EL* 523 U.S. 574, 598, 118 S. Ct. 1584, 1597, 140 L. Ed. 2d 759 (1998). In this vein, the parties have been instructed to complete all discovery by April 18, 2022. [DN 15]. The sequence in which the parties take depositions and provide discovery is entirely up to the parties, but should be done amicably, and in the interest of justice. Effectively, the standard is one that asks whether the nonmoving party can produce the requisite information, and whether they are legally obligated to do so. If the answer to each question is yes, then the party must produce the relevant information, and shall not unduly delay so as to slow the prelitigation preparation process of the other party.

The Plaintiff has satisfied the standard necessary to compel discovery. As a result, the Defendant must disclose the relevant information, including the transcribed statements discussed above. The Defendant's contention that forcing it to disclose information first would be

inequitable under the circumstance is not persuasive. It could easily be argued that the Plaintiff needs access to the same information in order to develop a proper factual basis for its claim, and that denying Plaintiff that access would be inequitable. For this reason, the documents which the Plaintiff seeks are deemed discoverable, and the Defendant shall disclose them within a reasonable time.

Contrarily, the Court declines to dictate the precise sequence by which the parties conduct discovery depositions. The parties shall instead make best efforts to schedule depositions within the relevant discovery time limits and without regard for the sequence of the depositions.

## CONCLUSION AND ORDER

For the reasons stated above, this court finds that the requested documents are work product, but that Plaintiff has met his burden of proof regarding undue hardship in obtaining the relevant documents by other means than directly from the Defendant. The Plaintiff is therefore entitled to said documents. Defendant shall disclose the requested documents to the Plaintiff immediately. The Plaintiff is, however, not entitled to costs and attorney's fees.

Further, the Defendant filed a Motion to Strike the Plaintiff's Motion to Compel Production of Witness Interview Transcript and Statements [DN 22]. The parties and this Court held a status conference on January 31 [DN 23] where this court filed retroactive leave for the Plaintiff's Motion to Compel, therefore rendering the Defendant's Motion moot. For this reason, the Defendant's Motion to Strike [DN 22] is DENIED.

**IT IS ORDERED** the Plaintiff's Motion to Compel production of witness interview transcripts and statements and to produce Dustin Baker for deposition is **GRANTED**. The Plaintiff's demand for costs and attorney's fees necessitated by having to move the Court for relief, as well as additional costs incurred in obtaining the depositions, and the Defendant's Motion to Strike the Plaintiff's Motion to Compel Production of Witness Interview Transcript and Statements [DN 24 and DN 22] are **DENIED**..

April 12, 2022

*[signature]*

**Lanny King, Magistrate Judge**
**United States District Court**